IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2001

## RICHARD BURT MCKEE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Cheatham County**
**No. 11988     Robert E. Burch, Judge**

_____

**No. M2000-2866-CCA-R3-PC - Filed August 31, 2001**

_____

The Defendant was convicted by a jury of first degree premeditated murder and sentenced to life imprisonment without parole. His conviction and sentence were affirmed on direct appeal. See State v. Richard Burt McKee, No. 01C01-9606-CC-00278, 1998 WL 155558, at *1 (Tenn. Crim. App., Nashville, Mar. 31, 1998). The Defendant filed for post-conviction relief in December 1998 alleging that he received ineffective assistance of counsel at trial and on appeal and that juror misconduct during deliberations entitles him to a new trial. The post-conviction court denied relief after an evidentiary hearing. The Defendant now appeals as of right. Finding no merit in the Defendant's contentions, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and JAMES CURWOOD WITT, JR., JJ., joined.

Gary Eisenberg, Pleasant View, Tennessee, for the appellant, Richard Burt McKee.

Paul G. Summers, District Attorney General; John H. Bledsoe, Assistant District Attorney General; Dan Alsobrooks, District Attorney General; and Robert Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

At the evidentiary hearing on this matter, the post-conviction court heard testimony from the Defendant, his trial and appellate attorneys, the prosecutor, a jail trusty, and one of the Defendant's friends who had observed the Defendant's trial. The gist of the Defendant's complaints about his trial attorney, Noel Reese Bagwell, Jr., is that Mr. Bagwell failed to prepare adequately for trial, failed to call certain witnesses, failed to introduce pictures of the crime scene, allowed the Defendant's pretrial statement to be introduced, and did not allow the Defendant to testify. The post-conviction court issued a comprehensive Memorandum Opinion addressing the Defendant's

contentions and found that the Defendant failed to prove by clear and convincing evidence either that Mr. Bagwell's representation was deficient or that the Defendant suffered prejudice as a result. Accordingly, the post-conviction court found no merit in the Defendant's contentions regarding ineffective assistance of counsel at trial.

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. Tenn. Code Ann. § 40-30-210(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or reevaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578-79.

Both the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution guarantee a defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to counsel includes the right to effective counsel. See Strickland v. Washington, 466 U.S. 668, 686 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. Strickland, 466 U.S. at 687; Burns, 6 S.W.3d at 461; Hicks, 983 S.W.2d at 245. To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the defendant's guilt. See Strickland, 466 U.S. at 694-95. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994); Owens v. State, 13 S.W.3d 742, 750 (Tenn. Crim. App. 1999).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Owens, 13 S.W.3d at 749. Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. See Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d at 246.

The record fully supports the post-conviction court's findings of fact and conclusions of law with respect to the Defendant's claims of ineffective assistance of counsel at trial. A more comprehensive analysis would serve no purpose. This issue is without merit.

With regard to appellate counsel, the Defendant complains that his appellate counsel, Mr. Gregory D. Smith, failed to raise on direct appeal an issue regarding juror misconduct, thereby implicitly conceding that this was an issue which could have been raised prior to this proceeding. Ricky Felts, a jail trusty, testified that during the Defendant's trial, he overheard two male jurors speaking to each other outside the restroom during a break. Felts testified:

> I heard two men talking. And they said that they wanted to hurry up the hearing and get the trial over with and find the SOB guilty so they could go on and get what they had to do done.

Felts testified that he passed this information on to the Defendant. The Defendant testified that the statement occurred during deliberations and Felts told him about it that night at the jail. The Defendant also testified that he told his trial attorney about it.

Mr. Bagwell testified that he was informed of no such conversation during trial and stated unequivocally that, had he been so informed, he would have brought it to the trial court's attention. Similarly, Mr. Smith had no recollection of being informed of such an incident and therefore did not include it in the appeal.[1] The post-conviction court found that the Defendant failed to prove that his appellate counsel performed inadequately, and we agree. This issue is without merit.

Finally, the Defendant contends that he is entitled to a new trial because of the alleged juror misconduct described above. Initially, we note that this issue is waived because it could have been raised on direct appeal. See Tenn. Code Ann. § 40-30-206(g). Moreover, this issue is without merit. In analyzing this allegation, the post-conviction court found:

> This conversation was not a deliberation by these two jurors (who were apparently in agreement upon their individual verdicts of guilt) but an expression of frustration at the failure of other jurors (who were not present during this conversation) to agree with their point of view. Since the two jurors were obviously in agreement before the reported conversation, no deliberations occurred since there was nothing to deliberate.

We agree with the post-conviction court that the Defendant's allegations of juror misconduct entitling him to a new trial are "not sustained by the proof." We deem the alleged conversation to be a variety of "[i]nternal influences that are not grounds to overturn a verdict." Caldararo v. Vanderbilt University, 794 S.W.2d 738, 742 (Tenn. Ct. App. 1990). Such internal influences include

---

[1]While Mr. Smith conceded the possibility that he could have missed the issue during his review of the trial transcript, there is no proof in the record before us that this issue was raised at trial. The trial transcript was not included in the record on appeal. Moreover, Mr. Bagwell had no recollection of raising the issue to the trial court.

"(1) discussions among jurors, (2) intimidation or harassment of one juror by another, (3) a juror's personal experiences not directly related to the litigation, and (4) a juror's subjective thoughts, fears and emotions." <u>Id.</u> This issue is without merit.

      The judgment of the post-conviction court is accordingly affirmed.

_____
DAVID H. WELLES, JUDGE